FILED
Clerk
District Court

JUN 13 1986

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITES STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

NORTHERN MARIANA ISLANDS          )          DCA NO. 84-9015
REPRESENTATIVE TO THE UNITED      )
STATES, FROILAN C. TENORIO,       )
                                  )
          Plaintiff-Appellant,    )
                                  )
                vs.               )          OPINION
                                  )
COMMONWEALTH OF THE NORTHERN       )
MARIANA ISLANDS and GOVERNOR      )
PEDRO P. TENORIO,                 )
                                  )
          Defendants-Appellees.   )
_____)

Attorneys for Plaintiff-Appellant:     William M. Fitzgerald
                                       Fitzgerald, Herald &
                                          Bergsma
                                       P. O. Box 909
                                       Saipan, CM 96950

Attorneys for Defendants-Appellees:    Rexford C. Kosack
                                       Attorney General
                                       Patricia G. Beatley
                                       Asst. Attorney General
                                       5th Floor, Nauru Building
                                       Saipan, CM 96950

BEFORE:   Judges LAURETA, DUENAS and REAL*, District Judges

LAURETA, District Judge:

_____

   *Honorable Manuel L. Real, Chief Judge, United States District
Court, Central District of California, sitting by designation.

726

Froilan C. Tenorio, the Representative to the United States for the Commonwealth of the Northern Mariana Islands (CNMI), brought this action against the Governor of the CNMI and the CNMI seeking to have Public Law 3-92 (P.L. 3-92) declared unconstitutional because its effect was to legislatively strip his office of constitutionally delegated power in derogation of the principle of separation of powers. The Commonwealth Trial Court granted the Government's motion for summary judgment. The question presented by this appeal is whether P.L. 3-92, which vests authority over the Marianas/Guam and Marianas/Hawaii liaison offices in the Governor's office, violates the separation of powers doctrine and is therefore unconstitutional. For the following reasons we answer no to this question and accordingly we affirm.

Section 901 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States (Covenant) states that the "constitution or laws of the Northern Mariana Islands may provide for the appointment or election of a Resident Representative to the United States." This position is set out in Article V, §1, of the Constitution of the Commonwealth of the Northern Mariana Islands (CNMI Constitution).

The First Northern Marianas Commonwealth Legislature enacted Public Law 1-1 in January, 1978, which implemented Article V of the Constitution and appropriated funds for the Office of the Representative to the United States (Representa-

727

tive). Public Law 1-38, enacted in September, 1979, established the Marianas/Hawaii Liaison Office and placed it under the direct supervision of the Representative. Appropriations for that office were allotted to the Representative.

In October, 1980, the Marianas/Guam Liaison Office was established by Executive Order No. 19 issued by the Governor. This order set up the Marianas/Guam Liaison Office within the Office of the Governor. Funding for this office was provided in Public Law 3-9 which appropriated funds for the Guam office to the Representative's Office. Because of the apparent inconsistency between Executive Order No. 19 and P.L. 3-9 the Governor and the Representative entered into a "Memorandum of Understanding" in August, 1982, in which the parties agreed that the Guam office would be under the control of the Governor.

In the November, 1983 general election appellant defeated the incumbent Representative. Prior to his taking office, P.L. 3-92 was enacted. This law placed the Hawaii and Guam liaison offices within the Office of the Governor providing that the officers for these offices would be appointed by the Governor and function under his direct supervision and control. This law further provided that funding for these offices would be appropriated through the Governor's office. P.L. 3-92 specifically repealed P.L. 1-1 and P.L. 1-38 and vacated Executive Order No. 19.

Article V, §1 of the CNMI Constitution states that:

A representative to the United States

728

shall be elected to represent the Commonwealth in the United States and to perform those related duties provided by law. The governor shall provide a certification of selection promptly to the United States Department of State and to the representative.

Appellant interprets this section as creating a separate and independent branch of government and argues that the legislature violated the doctrine of separation of powers when it enacted P.L. 3-92 stripping his office of its constitutionally delegated power. The trial court summarily dismissed this theory.

The CNMI Constitution sets up three branches of government: the Legislative Branch, Article II, the Executive Branch, Article III, and the Judicial Branch, Article IV. The Constitution does not support appellant's conclusion that the Representative is the fourth branch of Government. The Constitution does not specifically delineate which branch of government the Representative falls under. He does not have authority to legislate nor does he involve himself directly with CNMI legislation. Certainly, he does not function as a judicial officer. He does not execute the laws as do members of the executive branch. His purpose is to represent the Commonwealth in its relations with the United States. We view the Representative's office as an independent constitutional office which does not fall neatly within any of the three traditional branches of government, but this does not mean that it is a fourth branch.

"The duties and responsibilities of the liaison offices are strictly related to assisting the Governor in such matters as

729

medical referrals and student assistance and providing other governmental services in Hawaii and Guam."[1] Described in this manner, the functions of the liaison offices are more akin to the administrative and executive functions of the Governor's office than they are to the offices of the Washington Representative.

Article V, §1 of the Constitution which sets out the office of the Representative to the United States states that he or she shall perform those duties as "provided by law." This section specifically authorizes the legislature to set out the duties of the Representative's office. Initially, the legislature placed the Marianas/Hawaii office and the funding for the Marianas/Guam office under the control of the Representative's office. It clearly had the power to subsequently remove this authority, which it did, and there is no constitutional infirmity in that act.

For these reasons we affirm.

_____
JUDGE ALFRED LAURETA

_____
JUDGE CRISTOBAL S. DUENAS

_____
JUDGE MANUEL L. REAL

---

[1] Trial Court opinion, p. 10, Record, p.13.

730